UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAGNOLIADRHOMES LLC, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>RICHARD KAHN, et al.,<br><br>Defendants. | Case No. 21-cv-03682-PJH<br><br>**ORDER GRANTING MOTION FOR REMAND AND DENYING MOTION FOR SANCTIONS**<br><br>Re: Dkt. Nos. 11, 13 |

Before the court are plaintiffs Magnoliadrhomes, LLC's and Youlin Wang's (collectively, "plaintiffs") motion for remand (Dkt. 11) and motion for sanctions (Dkt. 13). Defendants Richard Kahn ("Kahn") and Forensic Professional Group, USA, Inc. ("FPG") (collectively, "defendants") failed to file any opposition to either motion. The court finds that both motions are suitable for decision without oral argument and **VACATES** the August 5, 2021 and August 26, 2021 hearings. Having read plaintiffs' papers and carefully considered their arguments and the relevant legal authority, the court **GRANTS** the motion for remand and **DENIES** the motion for sanctions.

## BACKGROUND

On December 11, 2020, plaintiffs filed their operative first amended complaint ("FAC") in Santa Clara County Superior Court against defendants, as well as four other persons. Dkt. 11-1 ¶ 3.[1] On February 8, 2021, plaintiffs served defendants with the FAC

---

[1] Despite their service of process prior to this action's removal, Dkt. 11-1 ¶¶ 5-8, those four persons did not join defendants' removal, Dkt. 1 (Notice of Removal) at 2 (stating that only defendant "removes [sic] to this federal court, the state court action described below."). The court will collectively refer to these four persons as the "non-removing defendants."

and summons. Id. ¶ 4; Dkt. 11-1 at 9-10 ¶ 3 (proof of service on Kahn in both his individual capacity and capacity as registered agent for FPG). In their FAC, plaintiffs allege claims under both state and federal law. Dkt. 1-2 (FAC) ¶¶ 81-209. The court need not detail the allegations underlying this action to decide the instant motions.

On May 17, 2021, defendants filed a six-page notice of removal. Dkt. 1. They did not file the certification regarding removed cases required by this court's standing order.[2]

On June 16, 2021, plaintiffs filed the instant motion to remand. Dkt. 11. In it, they request that the court remand this action to the Santa Clara County Superior Court. Id. at 4. They also request that the court reimburse plaintiffs their attorneys' fees and costs for obtaining remand "in an amount and manner to be determined by this Court." Id. Defendants failed to file any opposition to plaintiffs' motion for remand.

On July 14, 2021, plaintiffs then filed the instant motion for sanctions. Dkt. 13. In it, they request that the court impose monetary and non-monetary sanctions on defendants as well as their counsel, Douglas Everett Klein ("Counsel Klein"), for violation of Rule 11. Id. Again, defendants failed to file any opposition. On August 2, 2021, three days before the scheduled hearing on this matter, defendants filed a statement of non-opposition to the motion for remand. Dkt. 14.

## DISCUSSION

### I.  Remand Is Proper

"A motion to remand is the proper procedure for challenging removal." Moore-Thomas v. Alaska Airlines, Inc., 553 F.3d 1241, 1244 (9th Cir. 2009). A federal court properly remands an action to state court when it either lacks subject matter jurisdiction over such action or there is a defect in removal procedure. Allen v. UtiliQuest, LLC, 2014 WL 94337, at *2 (N.D. Cal. Jan. 9, 2014) ("A remand may be ordered either for lack of subject matter jurisdiction or for any defect in the removal procedure.").

Title 28 U.S.C. § 1446 generally permits a defendant to remove an action within

---

[2] https://cand.uscourts.gov/wp-content/uploads/judges/hamilton-pjh/PJH_Standing-Order-Removed-Cases.pdf

only 30 days of such defendant's receipt of the complaint or summons. 28 U.S.C. § 1446(b)(1). "The burden of establishing federal jurisdiction falls on the party invoking the removal statute." Williams v. Caterpillar Tractor Co., 786 F.2d 928, 930 (9th Cir. 1986), aff'd but disapproved on other grounds Caterpillar Inc. v. Williams, 482 U.S. 386, 391 n.4 (1987).

Defendants had until March 10, 2021 to remove this action. They filed their notice of removal on May 17, 2021. Thus, defendants' removal was untimely.

The authorities cited by defendants in their notice of removal to support their allegation that they complied with the applicable deadline do not alter that conclusion. First, two of those authorities, Tedford v. Warner-Lambert, 327 F.3d 423 (5th Cir. 2003) and Leslie v. Banctec Serv. Corp., 928 F. Supp. 341 (S.D.N.Y. 1996), do not bind this court. On that basis, the court need not and will not consider them.

That leaves Irwin v. Department of Veterans Affairs, 498 U.S. 89 (1990). The portion of that case cited by defendants discusses equitable tolling. 498 U.S. at 95 ("Time requirements in lawsuits between private litigants are customarily subject to 'equitable tolling.'"). Defendants neglect any explanation for why the application of that principle is appropriate (or permissible) in this case. The court itself does not see one.

In light of the above, the court grants plaintiffs' motion to remand on grounds that defendants failed to comply with § 1446(b)(1)'s removal deadline. Given that, the court need not consider plaintiffs' alternative arguments in support of remand. Dkt. 11 at 9-11.[3]

**II.     The Court Awards Attorney's Fees and Costs for Obtaining Remand**

When issuing an order remanding a removed case to federal court, a district court may "require payment of just costs and any actual expenses, including attorney fees,

---

[3] For the record, the court notes certain shortcomings in those arguments. First, in their FAC, plaintiff alleges federal law claims. Thus, the applicability of Title 28 U.S.C. § 1441(b)(2)'s "forum defendant rule," Dkt. 11 at 11, is beside the point. Second, plaintiffs criticize defendant for failing to obtain the consent of the non-removing defendants prior to removing this action. Id. at 9-10. Plaintiffs, however, fail to explain how or why defendants' removal is based "solely under [Title 28 U.S.C.] section 1441(a)," which is a precondition for § 1446(b)(2)(A)'s consent requirement.

3

incurred as a result of the removal." 28 U.S.C. § 1447(c). When construing this statute, the Supreme Court has held that "absent unusual circumstances, attorney's fees should not be awarded when the removing party has an objectively reasonable basis for removal." Martin v. Franklin Cap. Corp., 546 U.S. 132, 136 (2005).

The court finds that defendants lack an objectively reasonable basis for removal. Critically, Title 28 U.S.C. § 1446(b)(1)'s 30-day removal deadline is clear and was obviously applicable to defendants' removal decision. In their notice of removal, defendants failed to offer any authority or argument explaining their failure to comply with that deadline.

Moreover, the court infers that defendants subjectively understood their non-compliance with that deadline. Two procedural facts support that inference. First, defendant failed to file any opposition to the motion for remand. Second, defendants failed to comply with this court's standing order requiring a removing party to make certain certifications concerning an action's removal. That latter failure is particularly telling because a key piece of information called for in that certification is "[w]hether the notice of removal was dated more than thirty (30) days after the first defendant was served." https://cand.uscourts.gov/wp-content/uploads/judges/hamilton-pjh/PJH_Standing-Order-Removed-Cases.pdf, ¶ 2.

Defendants' belated statement of non-opposition does not alter that inference. Defendants say that "recent case law no longer supports the assertion of diversity jurisdiction." Dkt. 14 at 2. However, they fail to cite any specific new authority substantiating that position. Further, defendants do not offer any justification for their decision to untimely remove this action. In their statement of non-opposition, defendants contend that they had "to quickly act to avoid any new prejudice . . . by a tardy removal." Id. That contention lacks merit. As explained above, the deadline for removal had occurred over two months *before* defendants removed this action—thus, any tardiness resulting in prejudice had already occurred at the time of removal.

In light of the above, the court will award plaintiffs some of their attorney's fees

4

incurred to obtain remand. In their reply, plaintiffs request $24,825 in such fees. Dkt. 12 at 8. To support that request, plaintiffs filed the declaration of their counsel Dhaivat H. Shah ("Counsel Shah"). Dkt. 12-1. In it, Counsel Shah explains that he charges $750 per hour and spent over 30 hours working on plaintiffs' motion for remand, including over 26 hours researching the remand statutes, reviewing the notice of removal, and drafting plaintiffs' motion. Id. ¶ 18. Counsel Shah has 23 years of experience. Id. ¶ 8.

The court finds plaintiffs' request for $24,825 in attorney's fees unreasonable. Even assuming the reasonableness of Counsel Shah's $750 per hour rate, the court struggles to see how an attorney with 23 years of experience requires 26 hours to prepare a motion for remand addressing a six-page notice of removal with such an obvious timing defect. The court also does not see any good reason for Counsel Shah's decision to spend four hours on a reply in support of a then-*unopposed* motion. Id. ¶ 18(c).

Instead, the court finds that 12 hours represents a reasonable amount of time to prepare a motion for remand involving the complexity of the issues at hand. Accordingly, the court awards plaintiffs $9,000 in attorney's fees.

### III. The Court Denies the Motion for Sanctions

The court understands that plaintiffs' motion for sanctions is distinct from the request for attorney's fees in their motion to remand. Unlike the attorney's fees request, this motion asks for both monetary and non-monetary sanctions and seeks to hold Counsel Klein liable with plaintiffs on a joint and severable basis. Dkt. 13 at 9.

The court denies plaintiffs' motion for sanctions. As plaintiff themselves recognize, this court has "wide discretion in determining the appropriate sanctions for Rule 11 violations." Id. at 17. Thus, regardless of whether or not defendants and Counsel Klein violated Rule 11, the court finds that its award under the removal statutes will suffice to deter future abuse of the judicial process.[4]

---

[4] In their motion for sanctions, plaintiffs argue that "[a] simple reading of the removal statute reveals that Kahn and FPG's Notice of Removal is time-barred." Dkt. 13 at 13.

**CONCLUSION**

For the above reasons, the court **GRANTS** plaintiff's motion for remand and **DENIES** their motion for sanctions. The court directs the clerk to remand this action to the Santa Clara County Superior Court.

**IT IS SO ORDERED.**

Dated: August 2, 2021

/s/ Phyllis J. Hamilton
PHYLLIS J. HAMILTON
United States District Judge

---

They add that "[a]n objectively reasonable and competent attorney would have reviewed the statute, the FAC and the state court docket and quickly determined that there could be no diversity jurisdiction under 28 U.S.C. § 1441(b)(2)." Id. at 14. Ironically, this rhetoric belies the propriety of spending 30 hours to prepare the motion for remand.